# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

|  |  |
|---|---|
| MIREILLE M. LEE, | ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) |
| THE VANDERBILT UNIVERSITY, | ) |
| Defendant. | ) JURY DEMAND |

## COMPLAINT

### I. INTRODUCTION

**1.** This action is brought by the Plaintiff, Mireille M. Lee, ("Plaintiff Lee") against Defendant, The Vanderbilt University, ("Defendant Vanderbilt") alleging that Defendant Vanderbilt violated Plaintiff Lee's rights by discriminating against Plaintiff Lee in her employment because of her gender and for Defendant Vanderbilt's retaliation against Plaintiff Lee because of her opposition to gender discrimination in her employment, including her filing of a grievance, based, in part, on claims of gender discrimination. This action also alleges a claim for breach of contracts against Defendant Vanderbilt. Plaintiff Lee demands a jury trial as to all issues of fact raised by the pleadings.

### II. JURISDICTION AND VENUE

**2.** This action seeks compensatory and punitive damages, costs, injunctive relief, expert witness fees, and attorneys' fees for the unlawful discrimination based upon gender suffered

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
**BRAUN & ASSOCIATES, PLLC**
Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 1 of 12 PageID #: 1

by the Plaintiff Lee and for retaliation directed against Plaintiff Lee for her protected activity and opposition to gender discrimination.

3. This action arises under Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000e *et seq*. (as amended), 42 U.S.C. §2000e-2 (as amended) and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. Jurisdiction over the federal claim set forth in this Complaint is invoked pursuant to 42 U.S.C. §2000e (as amended), 42 U.S.C. §1981a, 42 U.S.C. §1988, 28 U.S.C. §1343, and 28 U.S.C. §1331. Jurisdiction over the state claim is invoked pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. §1367.

5. Within 300 days of the adverse actions taken against Plaintiff Lee by Defendant Vanderbilt, Plaintiff Lee filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff Lee received a Notice of Right to Sue and has filed this Complaint within 90 days of receiving her Notice of Right to Sue.

6. Compensatory and punitive damages are sought pursuant to 42 U.S.C. §2000e *et seq*. (as amended), and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

7. Costs, expert witness fees and attorneys' fees are sought pursuant to 42 U.S.C. §2000e *et seq*. (as amended), and the Civil Rights Act of 1991, 42 U.S.C. §1981a *et seq*. and 42 U.S.C. §1988.

8. Venue for this action properly lies in the United States District Court for the Middle District of Tennessee at Nashville pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1391 because the events giving rise to these claims occurred in this Judicial District. Further, Defendant Vanderbilt can be found and transacts business in this Judicial District.

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC

### III. PARTIES

9. Plaintiff Lee is an adult female United States citizen who resided in Nashville, Tennessee at the time this cause of action accrued and continues to reside in Nashville, Tennessee. Plaintiff Lee was hired by Defendant Vanderbilt in 2008 as an Assistant Professor in its Department of History of Art with a secondary appointment in Classical and Mediterranean Studies. Plaintiff Lee was hired by Defendant Vanderbilt as a trailing spouse as that term is defined below in Paragraph 13.

10. Defendant Vanderbilt is a private nonprofit corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Nashville, Tennessee. Defendant Vanderbilt is engaged in a wide range of educational activities.

### IV. FIRST CLAIM FOR RELIEF - CIVIL RIGHT ACTS OF 1964 AND 1991

11. Defendant Vanderbilt, through its various officers, administrators and agents, engaged in unlawful practices and policies in violation of 42 U.S.C. §2000e *et seq.* by intentionally and willfully discriminating against the Plaintiff Lee in her employment because of her gender from at least as early as 2008 to the date of filing of this Complaint. Defendant Vanderbilt employs more than 1,000 persons.

### V. FACTUAL ALLEGATIONS

12. Plaintiff Lee has performed her duties as an Assistant Professor in Defendant Vanderbilt's Department of History of Art in a competent and satisfactory manner at all times.

13. Universities, such as Defendant Vanderbilt, use spousal hires to attract highly desirable faculty members to become employed by offering employment to the spouse of the desired faculty member. The desired faculty candidate is generally referred to as the leading or

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
**BRAUN & ASSOCIATES, PLLC**

principal spouse while the spouse of the desired faculty candidate is generally referred to as the trailing spouse. Plaintiff Lee's husband, a male, Joe Rife, was a leading or principal spouse when hired by Defendant Vanderbilt. Plaintiff Lee, a female and wife of Joe Rife, was hired by Defendant Vanderbilt as a trailing spouse. Universities, such as Vanderbilt, also used spousal hires to retain highly desirable faculty members by offering employment to the spouse of the desired faculty member it wishes to retain. A principal or leading spouse can be either male or female as can a trailing spouse.

14. Male trailing spouses hired as faculty members by Defendant Vanderbilt as assistant professors on the tenure track are almost always granted a promotion to associate professor with tenure while female trailing spouses hired by Defendant Vanderbilt on the tenure track as assistant professors are substantially less likely to be granted a promotion to associate professor with tenure. The disparity in the treatment of trailing male spousal hires and trailing female spousal hires is the result of intentional discrimination against female trailing spousal hires by Defendant Vanderbilt in violation of the Civil Rights laws of the United States including, but not limited to, Title VII.

15. Plaintiff Lee applied for promotion to associate professor with tenure in 2015. Her Department voted unanimously to recommend her for promotion and tenure. The Department sought the opinions of esteemed qualified professors from other comparable research Universities in Plaintiff Lee's field of research. Each of the professors who responded recommended that Plaintiff Lee be promoted to associate professor with tenure. The Dean of Defendant Vanderbilt's College of Arts and Science, Lauren Benton, also recommended that Plaintiff Lee be promoted to associate professor with tenure. That recommendation was made to the Provost and to Defendant Vanderbilt's University Promotion and Tenure Review Committee ("PTRC").

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC
Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 4 of 12 PageID #: 4

16. As a result of false and fraudulent misrepresentations made to the Provost and to the PTRC by agents and officers of Defendant Vanderbilt, Plaintiff Lee was denied promotion to associate professor with tenure.

17. At the same time Plaintiff Lee submitted her application in 2015 for promotion and tenure, a colleague in the same Department submitted her application for promotion and tenure. The colleague was not a spousal hire. The colleague's application was ultimately approved by Defendant Vanderbilt even though Plaintiff Lee's tenure and promotion file represented a stronger file than that of the colleague. To qualify for tenure and a promotion at Vanderbilt, an applicant must demonstrate satisfactory service and teaching and excellence in research.

18. On or about July 13, 2016, Plaintiff Lee filed a Grievance directed at Kevin Murphy, Chair of the Department of History of Art, Susan Wente, Provost and Vice Chancellor for Academic Affairs and Defendant Vanderbilt's PTRC.

19. The Grievance alleged that the subjects of the Grievance discriminated against Plaintiff Lee by denying her application for tenure and a promotion which was recommended for approval by Dean Lauren Benton. The Grievance also alleged that she was a victim of discrimination directed at females whose male spouses were hired by Defendant Vanderbilt after which there was a pattern of denying trailing female spousal hires tenure and promotion while granting promotion and tenure to trailing male spousal hires.

20. During the course of the Grievance, Plaintiff Lee produced evidence that she was denied a tenure clock extension which Defendant Vanderbilt provides to faculty on the tenure track who become parents or suffer serious health problems prior to being reviewed for tenure and a promotion. Plaintiff Lee became a parent while employed at Vanderbilt on its tenure track and also suffered major medical/health issues during that same period, both of which impacted Plaintiff

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC
Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 5 of 12 PageID #: 5

Lee's ability to advance her research agenda. Plaintiff Lee did not receive a tenure clock extension for the birth of her child prior to her being evaluated for tenure and promotion in 2015.

21. The Grievance Committee found merit to Plaintiff Lee's Grievance and recommended to the Defendant's Chancellor that Plaintiff Lee be given additional time and reviewed again for tenure during the 2018-2019 academic year as well as being granted an additional year on her employment contract with Defendant Vanderbilt.

22. On or about June 21, 2017, Defendant Vanderbilt's Chancellor adopted and approved the Grievance Committee's recommendations. The Grievance Committee did not make specific findings against the individuals who were the subjects of the Grievance.

23. Shortly after the Chancellor adopted the Grievance Committee recommendation, Plaintiff Lee requested a meeting with the Chair of her Department, Kevin Murphy. This meeting occurred in August 2017. Initially, Chairman Murphy sat silently but before there was any substantive discussion, Murphy raised his voice and in a loud and accusatory tone berated Plaintiff Lee because of the statements made in Plaintiff Lee's Grievance. It was clear from the conversation that Chairman Murphy was upset by the allegations made in Plaintiff Lee's Grievance. Plaintiff Lee then reported her conversation with Chairman Murphy to the Chair of the Grievance Committee. Chairman Murphy assigned Plaintiff Lee additional Departmental duties to interfere with her research progress needed for her 2018 tenure and promotion application.

24. In September 2017, Plaintiff Lee met with Dean Benton and requested that she be transferred to a different Department because of the resentment of the Department of History of Art members and its Chairman because of her successful Grievance. Dean Benton declined to grant the transfer request.

Page 6 of 12

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC

Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 6 of 12 PageID #: 6

25. At the time Plaintiff Lee's initial application for promotion and tenure was denied in 2016, Dean Benton took the unusual step of appealing that decision to Provost Wente who denied the appeal after having been provided with false and fraudulent misrepresentations about Plaintiff Lee's performance and her research file by the Chairperson of the PTRC. At the time, future Dean John Geer worked for Provost Susan Wente.

26. False and fraudulent misrepresentations were provided to the PTRC and then reported as alleged fact by the Chairperson of Defendant Vanderbilt's PTRC to the Provost and to future Dean Geer. Those false and fraudulent misrepresentations were used to deny Plaintiff Lee the promotion and tenure she deserved as recognized by esteemed external reviews and the Dean of Defendant Vanderbilt's College of Arts and Science.

27. The fact that false and fraudulent representations about Plaintiff Lee's research file and performance were made to Defendant Vanderbilt's PTRC and to the Provost by the Chairperson of Defendant Vanderbilt's PTRC was deliberately concealed from both Plaintiff Lee and from Defendant Vanderbilt's Dean of the College of Arts and Science so that neither Plaintiff Lee nor the Dean could rebut the false and fraudulent representations when Dean Benton appealed the PTRC's decision to the Provost of Defendant Vanderbilt, Wente.

28. In or about January 2018, Defendant Vanderbilt replaced Dean Benton as Dean with John Geer who had worked in the office of Provost Wente and had supervised Defendant Vanderbilt's PTRC in 2016 and had involvement in Plaintiff Lee's application for promotion and tenure for Provost Wente and knowledge of the false and fraudulent misrepresentations made to the Provost and to Defendant Vanderbilt's PTRC.

29. In 2018 Plaintiff Lee again submitted an application for tenure and promotion which had been significantly strengthened during the interim period. Plaintiff Lee's application for

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
**BRAUN & ASSOCIATES, PLLC**
Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 7 of 12 PageID #: 7

promotion and tenure was denied by Dean Geer despite the unanimous recommendations of eminent external reviewers, who recommended that she receive her promotion with tenure. Dean Geer's explanation for his decision to deny Plaintiff Lee's application for promotion and tenure violated Defendant Vanderbilt's own policies and relied upon false and misleading information.

30. Plaintiff Lee has filed a Charge of Discrimination, based on gender and retaliation, with the EEOC and has received notice of her right to sue. In addition, Plaintiff Lee filed a Grievance on or about May 9, 2019 with Vanderbilt's Grievance Committee. Defendant Vanderbilt did not advise Plaintiff Lee of the names of proposed Grievance Committee members until November 26, 2019, more than six months later.

# COUNTS I AND II
## VI. DISCRIMINATION AND RETALIATION CLAIMS

31. Defendant Vanderbilt through its officers, administrators and agents engaged in an unlawful pattern and practice of discrimination in violation of federal law by intentionally and willfully discriminating against Plaintiff Lee in her employment because of her gender by denying her tenure application and promotion on or about March 13, 2019. Defendant Vanderbilt intentionally retaliated against Plaintiff Lee because she opposed and complained about the gender discrimination directed at her by Defendant Vanderbilt's officers and agents.

32. The conduct of Defendant Vanderbilt, described in this Complaint, constitutes a continuous course of discrimination directed against Plaintiff Lee based on her gender. Defendant Vanderbilt attempts to conceal such intentional discrimination by, among other things, claiming the existence of code words and external evaluations by experts from other universities. Defendant has failed to take any action to correct or discourage the conduct constituting discrimination based on gender. Plaintiff Lee met the standards required for receiving tenure and a promotion at Vanderbilt.

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC

33. The conduct of Defendant Vanderbilt described in this Complaint constitutes retaliation against Plaintiff Lee based on her protected activity. Defendant Vanderbilt has failed to take any action to correct or to discourage the conduct constituting retaliation.

34. As a direct and proximate result of the unlawful discriminatory and retaliatory acts by Defendant Vanderbilt, Plaintiff Lee has been injured and suffered damage.

35. Defendant Vanderbilt's conduct, described in this Complaint, constitutes intentional retaliation and discrimination against Plaintiff Lee based on her gender and her protected activity in violation of federal Civil Rights laws.

36. Defendant Vanderbilt failed to exercise reasonable care to prevent or correct promptly the discriminatory treatment of Plaintiff Lee and, instead, retaliated against Plaintiff Lee for her protected activity.

37. There was a causal connection between Plaintiff Lee's protected activity and Defendant Vanderbilt's denial of Plaintiff Lee's application for promotion and tenure in March 2019 and its interference with her research through additional Departmental assignments.

38. Plaintiff Lee has suffered mental and emotional distress, loss of income and benefits, injury to her career and reputation and other injury as a result of Defendant Vanderbilt's unlawful retaliation and gender discrimination.

**WHEREFORE,** Plaintiff Lee demands judgment against Vanderbilt in the amount of $850,000 in actual and compensatory damages including, but not limited to, embarrassment and humiliation, mental and emotional distress, career damage, back pay, employee benefits, fringe benefits, overtime, bonuses where applicable, and front pay. Plaintiff Lee also requests judgment for costs incurred in this action including reasonable attorneys' fees and expert witness fees. Plaintiff Lee also seeks reinstatement as associate professor with tenure and an injunction

Page 9 of 12

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
**BRAUN & ASSOCIATES, PLLC**

Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 9 of 12 PageID #: 9

permanently enjoining any further discrimination and retaliation by Defendant Vanderbilt. Plaintiff Lee also seeks an award of punitive damages against Defendant Vanderbilt.

## COUNT III
### VII. BREACH OF CONTRACT

39. Plaintiff Lee here re-alleges Paragraphs 1 and 4 of this Complaint as though said paragraphs were set forth herein in full detail.

40. Plaintiff Lee here re-alleges Paragraphs 8-10, 15-17 and 25-29 of this Complaint as though said paragraphs were set forth herein in full detail.

41. Plaintiff Lee was employed on the tenure track by Defendant Vanderbilt pursuant to a Contract of Employment whose terms were set forth in Defendant Vanderbilt's Faculty Manual. The Contract required a fair unbiased and reasonable evaluation of Plaintiff Lee's application for promotion and tenure.

42. Defendant Vanderbilt breached its Contract of Employment with Plaintiff Lee during its consideration of Plaintiff Lee's application for promotion and tenure as more fully described in Paragraphs 26 and 27 of this Complaint.

43. Defendant Vanderbilt violated the terms of its Faculty Manual by making deliberately untruthful and false allegations in 2016 about Plaintiff Lee's performance and research to Defendant Vanderbilt's PTRC and to the Provost.

44. By making false and fraudulent representations about Plaintiff Lee's research productivity and performance and using the false and fraudulent allegations as a basis for denying tenure and promotion, Defendant Vanderbilt breached its contract with Plaintiff Lee and caused Plaintiff Lee to suffer substantial injury and damage including, but not limited to, loss of income, mental distress, reputation and damage to her career.

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC

WHEREFORE, Plaintiff Lee demands judgment against Defendant Vanderbilt in the amount of $1,000,000 in actual and compensatory damages.  Plaintiff Lee also requests injunctive relief, including reinstatement as an associate professor with tenure, and enjoining any further violations of its Contract with Plaintiff Lee.  Plaintiff Lee requests a judgment for costs and such other relief as may be just and proper.

## COUNT IV
### VIII.  BREACH OF CONTRACT

45. Plaintiff Lee here re-alleges Paragraphs 1 and 4 of this Complaint as though said paragraphs were set forth herein in full detail.

46. Plaintiff Lee here re-alleges Paragraphs 8-10, 15-17, 25-29 and Paragraph 41 of this Complaint as though said paragraphs were set forth herein in full detail.

47. Defendant Vanderbilt breached its contract of employment with Plaintiff Lee during the grievance proceedings by failing to make available to the 2017 Grievance Committee Plaintiff Lee's complete tenure file as required by Defendant Vanderbilt in violation of Vanderbilt's contractual obligation to make Plaintiff Lee's complete tenure file available to the Grievance Committee so that it could base its determination on the complete tenure file.

48. A memorandum from the Chair of the PTRC to the Provost containing false and misleading information was not provided to the 2017 Grievance Committee so that the Grievance Committee was denied relevant and material information to which it was entitled in making a determination of the merits of Plaintiff Lee's grievance.

49. As a result of this contractual violation by Defendant Vanderbilt, Plaintiff Lee was injured and suffered damage.

Page 11 of 12

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
**BRAUN & ASSOCIATES, PLLC**

Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 11 of 12 PageID #: 11

**WHEREFORE**, Plaintiff Lee demands judgment against Defendant Vanderbilt in the amount of $1,000,000 in actual and compensatory damages. Plaintiff Lee also requests injunctive relief, including reinstatement as an associate professor with tenure, and enjoining any further violations of its Contract with Plaintiff Lee. Plaintiff Lee requests a judgment for costs and such other relief as may be just and proper.

Dated October 28, 2020

          Respectfully submitted,

/s/ Richard J. Braun
Richard J. Braun, Bar No. 010346
**BRAUN & ASSOCIATES PLLC**
1080 Plantation Boulevard
Gallatin, Tennessee 37066-4494
Telephone: (615) 259-1550
Facsimile: (615) 259-2524
Email: rbraun@braunlawassociates.com

Attorneys for Plaintiff, Mireille M. Lee.

Page 12 of 12

D:\public\CLIENTS - ACTIVE\Lee, Mireille (Vanderbilt)\FEDERAL COURT\Pleadings\Lee\Complaint (10-28-2020).docx
BRAUN & ASSOCIATES, PLLC
Case 3:20-cv-00924   Document 1   Filed 10/28/20   Page 12 of 12 PageID #: 12