IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIREILLE M. LEE, | ) | |
| Plaintiff, | ) | NO. 3:20-cv-00924 |
| v. | ) | JUDGE RICHARDSON |
| THE VANDERBILT UNIVERSITY, | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment or to Extend Vanderbilt's Deadline for Response (Doc. No. 216, "Motion to Strike"). Via the Motion to Strike, Defendant (or "Vanderbilt") asks the Court to strike Plaintiff's Motion for Summary Judgment (Doc. No. 173, "Plaintiff's Motion") primarily because: 1) Plaintiff failed to seek or obtain leave of the court prior to filing her (partial) motion for summary judgment, as required by the Case Management Order (Doc. No. 77 at 7–8); 2) Vanderbilt intends to rely on expert testimony and report(s) in responding to Plaintiff's Motion, even though expert discovery does not close until May 31, 2022 (thus, according to Defendant, making it a waste of judicial resources for the Court to decide Plaintiff's Motion prior to the conclusion of expert discovery); and 3) Vanderbilt plans to file its own summary judgment motion, making it inefficient for the Court to consider Plaintiff's Motion now, only to be faced with reconsidering the same arguments when Defendant files its own motion closer to the June 30, 2022 dispositive motion deadline. (Doc. No. 217 at 3).

Defendant alternatively requests, via the Motion to Strike, an extension of time to respond to Plaintiff's Motion until "28 days after Vanderbilt files its own Motion for Summary Judgment, following the close of the discovery period, so that the parties and the Court can avoid piecemeal briefing of competing motions addressing the same issues." (Doc. No. 217 at 1).

Plaintiff has responded to the Motion. (Doc. No. 222). The Court finds it necessary to first address Plaintiff's suggestion that Plaintiff's Motion may not actually be a "partial" summary judgment motion because "there is no agreed definition of partial summary judgment." (Doc. No. 222 at 2). The 2010 Committee Notes on the Federal Rules of Civil Procedure states: "The first sentence [of Rule 56(a)] is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense. The subdivision caption adopts the common phrase 'partial summary judgment' to describe disposition of less than the whole action, whether or not the order grants all the relief requested by the motion." Plaintiff's Motion, which seeks disposition (summary judgment) as to only Counts I, II, III, IV, and VI (Doc. No. 173 at 1), falls squarely under the definition of a partial summary judgment motion because it seeks summary judgment as to some, but not all, of the seven claims asserted by Plaintiff in the Second Amended Complaint (Doc. No. 160).

Therefore, Plaintiff was required by the Case Management Order to first seek permission of the Court by filing a separate motion "that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel, and the Court" before filing its (partial) Motion for Summary Judgment. (Doc. No. 77 at 8). The Court will thus dismiss without prejudice Plaintiff's Motion for failure to follow the procedures mandated by the Case Management Order.

In so dismissing Plaintiff's Motion, the Court also takes note of, and urges Plaintiff to consider, Defendant's representation that it cannot adequately respond to Plaintiff's Motion until expert discovery has concluded. Under Federal Rule of Civil Procedure 56(d), the Court may defer consideration of a summary judgment motion (or issue any other appropriate order) where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Although the Court will not determine at this time as to whether such relief would be appropriate here, the Court suggests that Plaintiff consider the potential impact of Rule 56(d) when deciding when to seek leave of the Court to re-file its summary judgment motion.

For the foregoing reasons, the Motion to Strike (Doc. No. 216) is **GRANTED,** and Plaintiff's Motion (Doc. No. 173) is **DENIED** without prejudice to refiling in accordance with the requirements for seeking leave to file partial summary judgment motion set forth in the Case Management Order.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE