IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIREILLE M. LEE, | ) |
| Plaintiff, | ) NO. 3:20-cv-00924 |
| v. | ) JUDGE RICHARDSON |
| THE VANDERBILT UNIVERSITY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the Court are two motions: (1) Plaintiff's "Motion to Alter or Amend Pursuant to Fed. R. Civ. P. Rules 59(e), 54(b) and 60 (b)(1)" (Doc. No. 252, "Motion to Alter or Amend"), filed along with a sealed supporting memorandum (Doc. No. 254); and (2) Plaintiff's "Motion to Permit Filing of Amended Complaint" (Doc. No. 255, "Motion to File Amended Complaint"), also filed along with a sealed supporting memorandum (Doc. No. 257) (together, "Motions"). Defendant responded to both motions with a single "Response in Opposition to Plaintiff's Motion to Alter or Amend D.E. 244 and 245 and Plaintiff's Motion to Permit Filing of Amended Complaint" (Doc. No. 270, "Response"). Plaintiff filed a Reply in Support of her Motion to Alter or Amend (Doc. No. 271, "Reply").

**BACKGROUND[1]**

In this action, Plaintiff has asserted a variety of claims based on alleged gender discrimination while she was employed as an Assistant Professor at Vanderbilt University. On April 12, 2022, the Court granted Defendant Vanderbilt University's Motion to Dismiss Plaintiff's

---

[1] The factual background of this case is set out in full in the Court's Memorandum Opinion at Docket No. 244.

Second Amended Complaint, which resulted in the denial of (Doc. No. 244 ("the Opinion"), 245 ("the Order")). Plaintiff now seeks via the Motions: 1) an order altering and/or amending the Order and Opinion pursuant to Rules 59(e), 54(b), and 60(b); and 2) an order permitting Plaintiff to file an Amended Complaint to cure defects identified by the Court in the Order and Opinion pursuant to Rule 15(a). (Doc. Nos. 252, 255).

## LEGAL STANDARD[2]

1. **Rule 59(e)**

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, No. 2:12-cv-02668-STA-dkv, 2016 WL 5396701, at * 3 (W.D. Tenn. Sept. 27, 2016). Essentially, a showing of

---

[2] Plaintiff includes Rule 54(b) in the title of the Motion to Alter or Amend, yet mentions this rule only once in the supporting memorandum—and even then mentions the rule only in passing and only as being "potentially implicated." (Doc. No. 254 at 3 ("Rule 54 is potentially implicated because the Court declined jurisdiction on several claims.")). The Court thus finds it unnecessary to discuss Rule 54 here.

manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, No. 3:14-CV-2377, 2015 WL 5970894, at * 1 (M.D. Tenn. Oct. 14, 2015). Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at * 2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Harris*, 2016 WL 5396701, at * 3.

2. **Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Settle v. Bell*, No. 06-1092-JDT-egb, 2017 EL 1058365, at * 1 (W.D. Tenn. March 20, 2017). Relief from a judgment after its entry is an extraordinary remedy that should be used sparingly. *Duerson v. Henderson County Detention Center*, No. Civ. A.4:05CV-P165-M, 2005 WL 3536333, at * 1 (W.D. Ky. Dec. 21, 2005).

3. **Rule 15(a)**

Rule 15(a) allows a party to amend its pleading once as a matter of course within 21 days of service of the pleading or a response thereto, and in all other cases encourages the party to seek leave to amend and the district court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1), (a)(2). However, "[w]hen a party seeks to amend a complaint after an adverse judgment, it [ ] must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). In other words, "unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (citing *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994) (internal quotation marks omitted)).

## DISCUSSION

1. **Rule 59(e)**

Plaintiff has failed to satisfy any of the four possible grounds under which a Rule 59(e) motion may be granted. Instead, via the Motion to Alter or Amend, Plaintiff expresses her disagreement with the Court's dismissal of her Complaint and presents a list of arguments (with references to facts not included in the operative Complaint) in an attempt to change the Court's mind. Illustratively, Plaintiff states: "It is clear from the case law that reasonable minds can differ concerning the question of the adequacy of pleadings to state a cause of action. The Sixth Circuit has reversed district courts which have granted dismissals under Fed. R. Civ. P. 12(b)(6)." (Doc. No. 254 at 5). But a difference of opinion as to the adequacy of pleadings is no reason to grant a

Rule 59(e) motion; instead, as Plaintiff's own argument here suggests, a proper avenue to seek relief for such a disagreement would be an appeal to the Sixth Circuit.

The Court will nonetheless discuss each of Plaintiff's proposed reasons for why she should be granted relief under Rule 59(e). In particular, Plaintiff's Motion to Alter or Amend invokes the first of the four grounds for granting a Rule 59(e) motion—a "clear error of law"—in addition to several other arguments not clearly falling under any particular one of the remaining three Rule 59(e) grounds.

    a. <u>Clear error of law</u>

        i. *Failure to discuss certain cases*

Throughout the Motion to Alter or Amend, Plaintiff argues that a clear error of law occurred because the Court failed to mention or appropriately apply certain cases in the Opinion. First, Plaintiff argues that the Court made a clear error of law by failing to discuss or apply three cases that involve federal pleading standards: *Erickson v. Pardus*, 551 U.S. 89 (2007), *Kensu v. Corizon*, Inc., 5 F.4th 646 (6th Cir. 2021), and *Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2009). But Plaintiff fails to articulate how the Court's opinion contradicts these cases or why the Court should find a clear error of law simply because the Court did not mention these particular cases in the Opinion. The Opinion articulates that under federal pleading standards, "Plaintiff needed to provide a factual basis in the Complaint from which the Court could reasonably infer a causal connection between the protected activity and the adverse action" but that Plaintiff failed to do so. (Doc. No. 244 at 33–34). Nowhere in the Motion to Alter or Amend does Plaintiff argue that any of these three aforementioned cases would demonstrate that such a conclusion is a clear error of law. Plaintiff thus has not demonstrated a clear error of law by mentioning (without any accompanying substantive argument) three cases that relate to the pleading requirements of Fed.

R. Civ. P. 8. And the Court rejects any implication that it is clear error (or otherwise grounds for reconsideration) not to discuss every case cited by a party in its briefing, especially where—as should always be the case and is the case here—the Court gave full consideration to the party's argument.[3]

Plaintiff then asserts that the Court improperly applied *Doe v. Oberlin*, 963 F.3d 580 (6th Cir. 2020): "[W]hile this Court cited [*Doe v. Oberlin*], this Court committed a clear error of law by not fully applying Doe. In *Doe* the Sixth Circuit stated that procedural irregularities provide strong support for Doe's claim of bias, concluding that procedural irregularities will permit a plausible inference of sex discrimination[.]" (Doc. No. 254 at 10). But Plaintiff does not show a clear error of law in the Opinion related to this notion from *Doe*. Plaintiff states that the Court did not "fully apply" *Doe* because "Geer's violation of Vanderbilt's procedures in denying Plaintiff Lee's promotion and tenure application should be sufficient under *Doe* [ ] to provide the plausibility to both the allegations of gender discrimination and retaliation." (Doc. No. 254 at 11). It is unclear how a case involving a university's failure to comply with written procedures regarding sexual misconduct investigations relates to the underlying facts here, let alone serves to

---

[3] *See, e.g.*, *Munoz v. Citimortgage, Inc.*, No. 8:20-CV-2311-VMC-AEP, 2021 WL 2964058, at *1 (M.D. Fla. Feb. 25, 2021) ("[A]lthough the Munozes claim that they were prejudiced because the Court did not explicitly address two cases cited in their response to CitiMortgage's Motion to Dismiss, the Court conducted a full review of the briefings. The Court was not required to discuss every case cited in the parties' briefings in its Order. Therefore, the request for reconsideration is denied."); *Apotex Inc. v. Gilead Scis., Inc.*, No. 18-CV-06475-JCS, 2019 WL 2410468, at *2 (N.D. Cal. June 7, 2019) ("The fact that the Court did not specifically discuss three cases cited by Apotex in its opposition brief, *see* Motion at 3, does not demonstrate a failure to consider dispositive legal arguments. Rather, the reasoning set forth by the Court in its order granting the Motion to Dismiss makes clear that the Court did not (and does not) find those cases to be dispositive. The Court is not required to discuss every case that a party cites in support of its position. Therefore, Apotex has not satisfied the requirements of Civil Local Rule 7-9 for bringing a motion for reconsideration.").

establish a clear error of law in the Opinion. Plaintiff's conclusory allegations of a clear error of law based on *Doe* thus are insufficient to grant the Motion to Alter or Amend.

Finally, Plaintiff concludes the Motion to Alter or Amend by stating, "[b]y not dismissing with leave to amend, the Court clearly erred by not following *Brown v Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011), specifically giving Plaintiff leave to amend." (Doc. No. 254 at 11). But *Brown* does not state that leave to amend is required in all instances of dismissal, and actually emphasizes that "whether to allow leave to amend is a decision within the discretion of the district court," cautioning courts to only grant leave to amend when appropriate in that the claims are of a particularly serious nature and warrant close scrutinization by the district court. *Id*. at 616. Further, the Court in *Brown* focused on the fact that the plaintiff was proceeding *pro se*, thus warranting particular leniency. *Id*. at 614 ("Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable."). The Court also emphasized that they "do not hold that remand for leave to amend is appropriate or necessary in all, or even most, cases." *Id*.

Further, the plaintiff in *Brown* had not been given any prior opportunities to amend, while Plaintiff here already has amended the Complaint twice. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) ("In deciding whether to allow an amendment, the court should consider . . . repeated failure to cure deficiencies by previous amendments[.]"). As stated by the Fifth Circuit, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir. 1986). *Brown* thus

does not provide grounds for a clear error of law here, where Plaintiff is represented by counsel and has been given multiple prior opportunities to amend.

ii. *Law of the case and issue preclusion*

Plaintiff argues that "this court made a clear error of law in concluding . . . that the law of the case did not apply." (Doc. No. 254 at 2). Plaintiff cites one Sixth Circuit opinion and two non-binding district court opinions in support of this argument, but does not demonstrate how these cases contradict or undermine the authority cited by the Court when reaching its determination that the law of the case doctrine is inapplicable to the present case. The particular quotation from the binding precedent cited by Plaintiff, *Equal Employment Opportunity Commission v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of United States and Canada, Local No. 120*, 235 F.3d 244 (6th Cir. 2000) [hereinafter, *United Assoc. of Journeymen*], states only that "[the law of the case] doctrine applies with equal vigor to the decisions of a coordinate court in the same case and to a court's own decisions." The Sixth Circuit cites *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) for this proposition. In *Todd*, the Sixth Circuit states that "the law of the case . . . does not foreclose a court from reconsidering issues in a case previously decided by the same court or another court. Applied to coordinate courts, the doctrine is a discretionary tool available to a court in order to promote judicial efficiency." It is debatable whether the state court here is properly considered to be a "coordinate," inasmuch as the applicable line of cases appears to use this term to refer to a district court that had transferred the case to another federal district court. But in any event, the Sixth Circuit clearly articulates that this doctrine may be applied in the district court's discretion and that the application of the doctrine "is not an inexorable command." *United Assoc. of Journeymen*, 235 F.3d at 250.

Plaintiff also argues that the Court should have applied the doctrine of issue preclusion. (Doc. No. 254 at 2). The Court declines to entertain this argument. Plaintiff did not raise the doctrine of issue preclusion in response to the Motion to Dismiss, and Rule 59(e) does not afford a party the opportunity to raise new legal arguments that the party could have raised at the appropriate time. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d at 681. And in any event, Plaintiff does not even identify the issue that allegedly should be precluded by the prior state court litigation.

    b.  Additional arguments

Without invoking any particular Rule 59(e) grounds, Plaintiff states that "[i]t is also the custom for courts to offer a plaintiff the opportunity to seek leave to amend after a Rule 12 (b)(6) dismissal." (Doc. No. 254 at 4). Unlike the above-referenced arguments, this argument seeks to challenge not the Court's decision to dismiss, but rather the Court's decision that the dismissal be without leave to amend. But Plaintiff cites no authority suggesting that district courts routinely grant, or default to granting, complainants an opportunity to amend following dismissal. Instead, Plaintiff notes that this court dismissed with leave to amend in one particular case, *Hinman v. Valleycrest Landscape Dev., Inc.*, Case No. 3:19-cv-00551 (M.D. Tenn. Jan. 28, 2020), without drawing any similarities between the dismissal in this instance and the dismissal in *Hinman*. Plaintiff also cites the Sixth Circuit's opinion in *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986), for the notion that courts favor trials on the merits— but there, the Sixth Circuit was discussing the court's discretion to set aside an entry of default under Rule 55(c). *Shepard* does not set forth a default rule that Rule 12(b)(6) dismissals be with leave to amend. Thus, regardless of the particular Rule 59(e) category this argument could fall under, Plaintiff has failed to make any compelling argument that she should be granted an

opportunity to amend as of right or "custom" (particularly when Plaintiff has already been granted such right—twice).[4] *Perkins*, 246 F.3d at 605. Still less does Plaintiff show that the Court's refusal to allow leave to amend for a third time is grounds for reconsideration under the Rule 59(e) standards.

Plaintiff goes on to reiterate what the Court mentions in the Opinion—that Plaintiff's briefing in response to the Motion to Dismiss contained additional factual allegations not included in the Complaint. (Doc. No. 254 at 4 ("An opportunity to amend would have been particularly appropriate in this case where this Court noted that Plaintiff had referenced additional factual allegations in her Response to Defendant's motion. (D.E. 244 at Page ID 2594).")). Just as the Opinion noted, it would have been improper for the Court to consider such evidence when ruling on the Motion to Dismiss. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) ("When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint."). Plaintiff does not appear to challenge this particular notion and instead apparently claims here that the Motion to Alter or Amend should be granted because Plaintiff alleged additional factual material in response to the Motion to Dismiss that the Court could not consider at the time. Plaintiff cites no authority for this position; thus, Plaintiff does not show that this was a clear error of law nor manifestly unjust to dismiss the Complaint without leave to amend because Plaintiff had additional factual allegations that she wished to have included in the Complaint (or either of the two prior amended complaints) but failed to include. In deciding whether to exercise its authority to grant leave to amend, the Court can consider that it has already twice allowed Plaintiff to amend the Complaint. *Perkins*, 246 F.3d at 605. And, as stated above, a motion to alter

---

[4] On January 20, 2021, Plaintiff filed one motion for leave to amend (Doc. No. 23), and on August 23, 2021, Plaintiff filed a second such motion (Doc. No. 79). Each of these motions was granted by the Court. (Doc Nos. 24, 96).

or amend should not be used to allege facts which could have been previously alleged in the exercise of reasonable diligence. Thus, Plaintiff has failed to show that her references to additional facts in her Response to the Motion to Dismiss that were not pled in the Complaint establishes grounds to grant Plaintiff's Rule 59(e) motion.

Additionally, Plaintiff states that "the Court also failed to consider that a second motion for summary judgment had been filed by Plaintiff," citing *Bridgeport Music, Inc. v. Universal-M.C.A. Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) for the notion "that this is one of the factors to be considered in deciding a motion to dismiss." (Doc. No. 254 at 4–5). But *Bridgeport Music* (and the opinion it cites for this rule, *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994)) concerns an entirely different legal standard—that of "whether a defendant will suffer plain legal prejudice" if a Rule 41(a)(2) dismissal is granted. *Grover*, 33 F.3d at 718. Plaintiff's argument is thus irrelevant and does not establish any of the Rule 59(e) grounds.

Finally, Plaintiff argues that the Court reached the wrong conclusion on the following issues: 1) that Plaintiff "failed to allege a nexis [sic] between Plaintiff's tenure denial and her gender"; 2) that Plaintiff's allegation that her tenure and promotion file was stronger than that of her colleague was conclusory; 3) that Plaintiff's inference of gender discrimination and retaliation was not plausibly alleged; 4) that Plaintiff did not adequately allege a causal connection between her protected activity and an adverse employment action; and 5) that Plaintiff's increased workload did not constitute an adverse employment action. Rule 59(e) is not a proper avenue to relitigate issues already considered by the Court or to offer arguments previously presented in an attempt to obtain a different outcome. By making these arguments, Plaintiff does not clearly establish entitlement to relief under any Rule 59(e) grounds; instead, Plaintiff demonstrates her disagreement with the Court, which is not enough to prevail under Rule 59(e). Plaintiff is free to

express her disagreement to the Sixth Circuit on appeal, but she is not entitled to a do-over by this Court merely because (according to her) the district court should find merit in her disagreement with what the district court did.

Thus, in sum, Plaintiff has failed to demonstrate any of the four possible grounds under which a Rule 59(e) motion may be granted. Plaintiff's Rule 59(e) motion will be denied.

2. **Rule 60(b)**

Plaintiff argues that Rule 60(b) provides grounds for granting her Motion to Alter or Amend because of 1) surprise, 2) mistake of law by the Court, and 3) Plaintiff (the party seeking relief) holding a meritorious underlying claim. (Doc. No. 254 at 2). The second and third of these reasons are not grounds for relief under Rule 60(b). And while Rule 60(b) allows the Court to relieve a party from an Order due to "mistake, inadvertence, surprise or excusable neglect," Plaintiff's surprise that this Court did not rule in her favor after the state court denied a motion to dismiss a similar complaint filed by Plaintiff is not the type of "surprise" implicated by this rule. In making this argument, Plaintiff seems to suggest that this Court should have adopted the findings of the state court (in ruling on a different motion to dismiss a different complaint under different state-court standards), and that any decision to the contrary would have been some sort of mistake. This idea is not supported by any law cited in Plaintiff's briefing. Plaintiff has thus failed to establish, with clear and convincing evidence, any legitimate surprise or mistake warranting the extraordinary remedy she seeks via Rule 60(b). The Court thus concludes that Plaintiff has failed to raise any valid grounds to amend or alter the Court's judgment under Rule 60(b).

3. **Rule 15(a)**

Because Plaintiff has failed to meet the requirements of Rule 59 or Rule 60, Plaintiff's Rule 15(a) motion necessarily must and will be denied. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv*., 616 F.3d at 616.

## CONCLUSION

For all of these reasons, Plaintiff's Motion to Alter or Amend (Doc. No. 252) and Plaintiff's Motion to File Amended Complaint (Doc. No. 255) will be denied. An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE