IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIREILLE M. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:20-cv-00924 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| THE VANDERBILT UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Pending before the Court is Plaintiff Mireille M. Lee's "Motion for Recusal of Honorable Eli. J. Richardson and/or Evidentiary Hearing" (Doc. No. 302, "Motion"),[1] accompanied by a memorandum in support of her motion (Doc. No. 302-2). Defendant, Vanderbilt University, filed a response (Doc. No. 309), and Plaintiff filed a reply (Doc. No. 312). For the reasons stated herein, the Motion is denied.

Plaintiff asserts that for purposes of 28 U.S.C. § 455(a), Judge Richardson's impartiality might reasonably be questioned due to alleged current or prior employment as an adjunct professor for Vanderbilt Law School, one of the many schools of Defendant.[2] (Doc. No. 302 at 1). Consequently, Plaintiff concludes that Judge Richardson should be recused from this case, or an evidentiary hearing should be conducted to determine the extent of Judge Richardson's connection to Defendant. *Id.*

---

[1] The undersigned district judge (through whom the Court is acting via this Order) is the same "Eli Richardson" referred to here.

[2] It is clear that Defendant has ten different schools. See *Quick facts*, https://www.vanderbilt.edu/about/quick-facts. The Court takes judicial notice of that fact.

Under Title 28, Section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). "This standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citing *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)).

Relying on § 455(a), Plaintiff argues that the employment status of Judge Richardson with Defendant—and the extent of his compensation and involvement with Defendant—is "unclear" and so recusal or an evidentiary hearing is required.[3] (Doc. No. 302). In support of her argument, Plaintiff references Judge Richardson's Wikipedia biography, *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1352 (6th Cir. 1988), and other Sixth Circuit cases. (Doc. No. 302-2). The Court finds Plaintiff's arguments unavailing.

First, Judge Richardson was not employed by Defendant at the time of Plaintiff's alleged injury. In *Easley*, the plaintiff alleged misconduct by Michigan Law School. 853 F.2d at 1352. The judge who presided over the case was an active member on the Law School's Committee of Visitors at the time of the defendant's alleged misconduct. *Id.* at 1357. The Sixth Circuit noted that the Committee of Visitors evaluated Michigan Law School's operations, and, as a result, found it

---

[3] Plaintiff also argues in her reply that there is no reference in Defendant's response or attachments (Doc. No. 309) to the involvement, "if any," of Defendant in the hearing process before the Senate Judiciary Committee, to the potential lobbying done by Defendant on behalf of Judge Richardson, or to how Judge Richardson came to be employed by Vanderbilt Law School. (Doc. No. 312 at 2). The Court notes that Defendant did not participate in the Senate Judiciary Committee hearing process for Judge Richardson nor did Defendant lobby on Judge Richardson's behalf. The Court also notes that whether Judge Richardson sought to be employed by Vanderbilt Law School or Vanderbilt Law School sought to employ him is neither relevant nor indicative of whether the Court should grant recusal.

necessary to determine the extent of the judge's involvement with Michigan Law School through an evidentiary hearing to avoid the possibility of partiality. *Id.* at 1358. Contrary to the judge in *Easley*, Judge Richardson is not currently serving on any board or committee for Defendant, nor is he currently employed by Defendant. Judge Richardson was also not employed by Defendant when Plaintiff was twice denied tenure or when she filed her Complaint (Doc. No. 1). The Court notes that Judge Richardson has not worked for Defendant or received payment from Defendant since 2017, nearly a year and a half prior to taking the bench and almost six years removed from this Motion. An adequate exploration of Judge Richardson's background (as contrasted with the substantial and inappropriate reliance Plaintiff placed on Wikipedia) would have yielded the same information. Consequently, an evidentiary hearing is not required to determine Judge Richardson's current or recent relationship with Defendant, as it is already known to the Court and is not what Plaintiff suggested it might be.

Second, in the present action, unlike in *Easley*, Plaintiff's claims relate to Vanderbilt University as a whole, not to Vanderbilt Law School specifically. In *Garrett v. Ohio State University*, 60 F.4th 359, 369 (6th Cir. 2023), the court found no basis for recusal when the judge was currently serving as "an adjunct professor at the law school of a party-university." The presiding judge in *Garrett* was a current adjunct professor at Mortiz College of Law, which was just one of the many colleges of the defendant, The Ohio State University. *Id.* at 364. The court found recusal was not warranted based upon numerous factors in the Guide to Judiciary Policy that judges must consider when they are currently employed by an educational institution's law school and the educational institution is a party. *Id.* at 369. Specifically, the court found that the law school is a small piece of "one of the largest universities in the country" and the law school is not involved in any of the allegations in the complaint. *Id.* In conclusion, the court held that prior

or current employment by a law school is not enough to warrant recusal when a party is a university as a whole. *Id.* The same applies here. Although (like almost every university in the country) Vanderbilt it is not as large as The Ohio State University, it is big enough to have ten different schools.

Attempting to distinguish *Garrett*, Plaintiff argues in her reply that Vanderbilt Law School's involvement is "not tangential or independent from the allegations in the Complaint" because the Chairperson of the University Promotion and Tenure Review Committee who reviewed her tenure file in 2016 may be a "potential colleague of Judge Richardson," as the Chairperson was a law school professor. (Doc. No. 312 at 3). Plaintiff further argues that unlike the judge in *Garrett*, Judge Richardson did not disclose his previous relationship with Vanderbilt Law School. *Id.*

The Court finds these arguments devoid of merit. A "potential colleague" from over seven years ago does not warrant recusal, and Plaintiff does not support her accusation with *any* examples of potential bias on behalf of Judge Richardson as a result of this "potential" relationship. Further, Judge Richardson was not required to disclose to the parties a prior relationship with Vanderbilt Law School from over six years ago, as such disclosure is not required. *See Ragozzine*, 783 F.3d at 1080 (finding that a district court judge was not required to disclose possible conflicts to the parties where the judge determines that his impartiality could not be reasonably questioned). Ultimately, Plaintiff cites no case law to suggest that previous employment by a university department is enough to support recusal. (Doc. No. 302). Instead, Plaintiff ambiguously cites a case in which the Sixth Circuit found that recusal was unwarranted. (Doc. No. 302-2 at 2). In *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983), the court found that "there was no

reasonable grounds to question the judge's impartiality" after finding that the judge's connections with one of the parties was over ten years old and did not result in any judicial bias.

As is no secret, Judge Richardson is also a graduate of Vanderbilt Law School. But this fact does not somehow separately constitute valid grounds for recusal. *See*, *e.g.*, *Wu v. Thomas,* 996 F.2d 271, 275 (11th Cir. 1993) (holding that, in case brought by faculty members against university, recusal of the trial judge was not warranted based merely on the judge's active involvement as university alumnus, service as unpaid adjunct professor at the university, offer of internships to university's law students, annual contribution to the university for football tickets, and plan to create a scholarship at the university); *Lunde v. Helms,* 29 F.3d 367, 370–71 (8th Cir. 1994) (holding that, in case brought by a former medical student against university, recusal of the trial judge was not warranted based merely on the judge's graduation from the defendant-university's law school, his making of alumni contributions, and his participation in educational programs at the law school"); *McMahon v. Johnson*, No. 12CV5878KAMRML, 2016 WL 243669, at *2 (E.D.N.Y. Jan. 20, 2016) ("Judge Matsumoto's affiliation with Georgetown University Law Center as an alumna, without more, does not merit recusal.").

As stated previously, an adequate inquiry into Judge Richardson's background would reveal that he has no current (or particularly recent) employment with Defendant. And Plaintiff has not pointed to any facts suggesting that his prior connection with Vanderbilt Law School would have any effect on his impartiality in adjudicating this case. Therefore, the Court finds that a reasonable person with all facts would conclude that Judge Richardson's impartiality could not be reasonably questioned. For the reasons stated, Plaintiff's Motion (Doc. No. 302) is DENIED.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE