IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIREILLE M. LEE, | ) | |
|     Plaintiff, | ) | Civil Action No. 3:20-cv-00924 |
| | ) | Judge Richardson/Frensley |
| v. | ) | Jury Demand |
| | ) | |
| THE VANDERBILT UNIVERSITY, | ) | |
|     Defendant. | ) | |

## REVISED CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01 the following case management plan is adopted.

A. DISCOVERY: The Parties shall supplement all previously produced discovery pursuant to Fed. R. Civ. P. 26(e) by **February 16, 2024.** The Parties shall complete all written discovery and depose all fact witnesses on or before **April 1, 2024**. Discovery is not stayed during dispositive or other motions unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **April 1, 2024.** In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute

statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

  **B.** **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **April 1, 2024**. Any newly identified expert shall limit their scope to Plaintiff's previously disclosed expert as discussed at the case management conference.

  The defendant shall identify and disclose all expert witnesses and reports on or before **May 3, 2024**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **June 14, 2024**.

  **C.** **DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions and motions challenging any experts shall be filed by no later than **August 23, 2024**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed

within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

D.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately 10 days. A trial date no earlier than **February 4, 2025,** is respectfully requested.

Except as otherwise modified herein, the Court's previously entered scheduling order remain in effect.

**IT SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**