IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIREILLE M. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:20-cv-00924 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| THE VANDERBILT UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION CONCERNING INDICATIVE RULING

Pursuant to Fed. R. Civ. Pro. 62.1, the Court informs the parties and the Sixth Circuit that on remand the Court would amend its orders at Doc. Nos. 325 and 383 ("Sanctions Orders") currently under appeal. Rule 62.1 states that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The arguments made in opposition to "Plaintiff Lee's Motion for Stay of Order D.E. 383 Pending Appeal" (Doc. No. 387, "Motion for Stay") have raised a substantial issue that this Court would address on remand.

I.     Use of Rule 62.1

Plaintiff's Motion for Stay requests that this Court stay its previous order at Doc. No. 383 pending Plaintiff's appeal of the Sanctions Orders to the Sixth Circuit.[1] Although the Motion for Stay is within this Court's authority to grant, in arguing the Motion the parties implicitly requested the Court to identify who is responsible for the sanctions. (*See* Doc. No. 396 at 3 (arguing that

---
[1] The order at Doc. No. 325 established that sanctions were warranted in the form of attorney's fees and costs to be paid to Defendant, and Doc. No. 383 set the amount, manner, and timing of that payment.

"[t]he Court's order does not specify whether payment must be made by Plaintiff herself or by her counsel. Plaintiff's Motion appears to assume that . . . the payment would be made by Plaintiff herself and not by her counsel.") (citation omitted); *id.* at 6 ("the Sanctions Order does not include language requiring the sanctions award to be paid by Plaintiff herself"); *id* at 7 ("Plaintiff fails to address the possibility that Plaintiff's counsel, rather than Plaintiff, might pay the sanctions award and whether that approach would alleviate any supposed irreparable harm"); (Doc. No. 399 at 1) ("Vanderbilt notes that the court does not also separate any award between plaintiff and her counsel . . . which, in the absence of a stay, may require counsel to have to withdraw"). As explained below, the Court intends upon remand to amend its Sanctions Orders to provide the needed clarity.

According to the 2009 Committee Notes, "Rule 62.1 applies only when [the complex rules governing the relationship between trial courts and appellate courts] deprive the district court of authority to grant relief without appellate permission. If the district court concludes that it has authority to grant relief without appellate permission, it can act without falling back on the indicative ruling procedure." The Court believes that the Sixth Circuit actually lacks jurisdiction over the appeal (i.e., that the Sixth Circuit lacks jurisdiction, before the conclusion of the case in the district court, over an appeal of a sanctions order issued pursuant to Rule 37), in light of cases like *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198 (1999) and *United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006).[2] However, the

---

[2] The Supreme Court's decision in *Cunningham* concerned Rule 37(a) whereas the sanctions here were ordered pursuant to Rule 37(b). This Court can discern no reason why *Cunningham* would not apply to sanctions ordered under subsection (b) when the sanctions involve attorney's fees and costs but not contempt (as is the case here). *See Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 n.4 (1999) ("we have repeatedly held that a witness subject to a discovery order, but not held in contempt, generally may not appeal the order"); *id.* at 206 ("Perhaps not every discovery sanction will be inextricably intertwined with the merits, but we have consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral."); *id.* at 210 (Kennedy, J., concurring) ("Delays and abuses in discovery are the source of widespread injustice; and were we to hold sanctions orders against attorneys to

precedent on that question that underlies the Court's belief is not specific to sanctions orders under

Rule 37(b), and so Court does not believe the appeal is frivolous in invoking the jurisdiction of the

---

be appealable as collateral orders, we would risk compounding the problem for the reasons suggested [in the majority opinion].").

Courts often discuss *Cunningham* as applying to Rule 37 sanctions generally, apparently not perceiving a difference between the subsections. *See e.g.*, *New Pac. Overseas Grp. (U.S.A.) Inc. v. Excal Int'l Dev. Corp.*, 252 F.3d 667, 670 (2d Cir. 2001) ("we hold that an order imposing Rule 37 sanctions against an attorney, either alone or jointly and severally with his client, is not an appealable 'final decision' under 28 U.S.C. § 1291."). Additionally, other courts agree that *Cunningham* applies to sanctions orders broadly, and "courts of appeals have uniformly held that *Cunningham* is not limited to the Rule 37 context," *LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 15-11792, 2016 WL 6471201 at *4 n.6 (11th Cir. May 26, 2016). Consider, for example, this conclusion from the Second Circuit:

> We conclude that *Cunningham* applies to appeals of sanctions imposed under Rule 11 as well as under the district court's inherent powers because, like Rule 37 sanctions, these appeals will often implicate the merits of the underlying action. Sanctions based on these other authorities often require courts to evaluate the completeness or truthfulness of responses and whether a party's claims are without merit.
>
> The fact that the particular sanctions before us were imposed in the context of an ancillary proceeding, and required evaluation of the accuracy and truthfulness of appellants, does not alter the analysis.

*S.E.C. v. Smith*, 710 F.3d 87, 96 (2d Cir. 2013) (citations omitted). It would be odd to suggest that *Cunningham*, though applicable to non-Rule 37 contexts, would be inapplicable to Rule 37(b). Third, to the extent any authority found by this Court suggests that a sanctions order under Rule 37(b) should be immediately appealable, those authorities predate *Cunningham* and appear to consider the fact that Rule 37(b) can involve a finding of contempt—something that here, as in *Cunningham*, has not happened. The absence of contempt played a sizable role in the *Cunningham* decision and similar decisions applying *Cunningham*. Compare *E. Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 949 (3d Cir. 1981) ("In civil contempt proceedings or Rule 37(b) sanctions against a non-party, even against an attorney to or an officer of a party, an appeal generally need not wait until final judgment in the case as a whole")[2] *with Cunningham*, 527 U.S. at 207 ("Petitioner's argument also overlooks the significant differences between a finding of contempt and a Rule 37(a) sanctions order. Civil contempt is designed to force the contemnor to comply with an order of the court. In contrast, a Rule 37(a) sanctions order lacks any prospective effect and is not designed to compel compliance . . . . To permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." (internal quotations and citation omitted)). Indeed, the Sixth Circuit itself has indicated that contempt makes a meaningful difference when considering Rule 37(b) sanctions post-*Cunningham*. See *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006) ("This court has previously indicated that an order issuing Rule 37(b) sanctions may be sufficient to obtain immediate review under the collateral order doctrine. *See Dow Chem. Co. v. Taylor*, 519 F.2d 352, 355 (6th Cir.1975). In this case, however, the . . . district court did not find that HCA was in contempt.").

Sixth Circuit at this time. Accordingly, the Court believes the Sixth Circuit should determine the extent of its own jurisdiction over the appeal, without this Court presuming that it may amend the sanctions orders on the ground that the appeal is frivolous, and the Court herein issues an "indicative ruling" that indicates this Court's intention to amend the Sanctions Orders (to the extent that they are upheld on appeal).

## II. The Motion for Stay Raises a Substantial Issue

In their respective arguments for and against the sanctions ordered pursuant to the Sanctions Orders, neither party directly addressed the question of against whom the sanctions should be ordered, and in opposing the Motion for Stay, Defendant argued for the first time that Plaintiff's counsel could be responsible for payment. Defendant based this argument on the fact that in this regard, the Sanctions Orders did not distinguish between Plaintiff and Plaintiff's counsel but had noted that Rule 37 permitted the burden to be put on either or both Plaintiff and Plaintiff's counsel. (Doc. No. 396 at 3). Plaintiff's reply argument seems to acknowledge this as a possibility, making arguments about why the Court should not distinguish Plaintiff's counsel from Plaintiff. (Doc. No. 399 at 1). Accordingly, both sides appear to have implicitly requested that the Court determine who is responsible for the sanctions before making a determination on the Motion for Stay. Because the determination about who the sanctions are imposed against should have been made in the first instance, the Court on remand would amend the Sanctions Orders to provide the requested clarity.[3]

---

[3] If the Court were to decide the Motion for Stay without amending the Sanctions Orders, the Court would still be implicitly amending the Sanctions Orders because in so deciding the Court appropriately would address which person(s) would (being liable for the sanctions) directly benefit from the requested stay—a topic directly relevant to whether the requested stay should be granted and, if so, why. The Court perceives an implicit amendment through a decision on the Motion for Stay prior to remand as no less intrusive into the Sixth Circuit's jurisdiction than an express amendment to the Sanctions Orders prior to remand.

Rule 37 permits courts to order either the applicable party, the attorney advising the party, or both to be responsible for payment of the sanctions awarded. Fed. R. Civ. Pro. 37(b)(2)(C). In the Sanctions Orders, the Court had referred to "Plaintiff," as courts generally do, to distinguish arguments made from Plaintiff's side of the dispute from arguments made by Defendant. But the Court did not address the precise identity of the person(s) responsible under Rule 37, because neither party raised the issue. Having considered the argument Defendant made in its opposition to the Motion for Stay, the Court believes it should take up the issue directly via an amendment to the Sanctions Orders. As described by the Eleventh Circuit, the Court has a responsibility when issuing Rule 37 sanctions to determine the responsible person:

> Rule 37 subsections (a) and (b) permit the court to impose sanctions upon a party or its attorney or both and establish no preference between these options. Because the apportionment of fault between an attorney and client is the court's responsibility, a party listing only its opponent in a motion for sanctions does not absolve the opponent's attorney of potential liability. Instead, the movant merely provides the court with the double option of holding responsible either the opponent or the attorney either under the motion or *sua sponte.* Accordingly, a motion for sanctions under Rule 37, even one which names only a party, places both that party and its attorney on notice that the court may assess sanctions against either or both unless they provide the court with a substantial justification for their conduct.

*Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993). The Court intends to amend the Sanctions Orders to consider and clarify who is responsible for the sanctions.[4]

The fact that that the identity of the responsible person(s) was not addressed, and the fact that the Court intends to amend the Sanctions Orders to address this issue, raise a substantial issue. *See Buffalo Seafood House LLC v. Republic Servs., Inc.*, No. 7:22-CV-1242-RMG, at *3–4 (D.S.C.

---

[4] The amendments would be made under the Court's inherent authority to modify interlocutory orders. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." (citing *Marconi Wireless Telegraph Co. v. United States,* 320 U.S. 1, 47–48 (1943)); *id.* ("A district court may modify, or even rescind, such interlocutory orders.") (citing *Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88 (1922)).

Oct. 3, 2023) (issuing an indicative ruling based on a "substantial issue" when the parties made a joint proposal that partially addressed the court's concerns in its previous order and which could "materially alter" the previous order), *remanded in Buffalo Seafood House LLC v. Republic Servs., Inc.*, No. 2301922 (4th Cir. Nov. 15, 2023); *Garcia v. Stillman*, No. 22-CV-24156, 2024 WL 136773 (S.D. Fla. Jan. 12, 2024) ("The Order Staying Injunction and Plaintiffs' Motion demonstrate that the Court's holding and the basis for issuing the permanent injunction are unclear. An indicative ruling can alleviate this confusion by confirming the basis for the Court's holding . . . . Doing so will also ensure that unnecessary resources are not expended to resolve this issue and will assist in narrowing the issues on appeal.); *Cf. Mendia v. Garcia*, 874 F.3d 1118, 1120–22 (9th Cir. 2017) (granting a defendant's motion for a limited remand to determine if the district court's Rule 37 sanction dismissing a plaintiff's claims would also dismiss the claims that were before the court of appeals). When making any amendments to the Sanctions Orders, the Court will consider whether other authorities, such as Rule 11 and 28 U.S.C. § 1927, bear on who should shoulder the responsibility for the sanctions in this case and whether those authorities independently support amending the Sanctions Orders.

This raises the question of the optimal time for any amendment of the Sanctions Order. The Court respectfully suggests that remanding to this Court now would serve the goal of judicial economy underlying Rule 62.1 and Rule 12.1 by not only clarifying the party responsible for the sanctions before the Sixth Circuit took up the question, but by also potentially changing the legal authority at issue on appeal.[5] In the alternative (i.e., without remand to this Court until after the Sixth Circuit fully resolves the appeal), if the Sanctions Orders are upheld on appeal, they could

---

[5] The fact that the Court intends to amend the Sanctions Orders may also inform the Sixth Circuit's view of whether the Sanctions orders are final for purposes of an appeal under the collateral order doctrine—an issue potentially relevant to the Sixth Circuit's view of whether it has jurisdiction at this juncture over the appeal of the Sanctions Orders.

certainly be amended at that time—but then they would be subject to being appealed again, which seems the more inefficient way to go.

## CONCLUSION

Pursuant to Rule 62.1, the Court respectfully suggests that the Sixth Circuit consider remanding the Sanctions Orders (per its authority under Rule 12.1) to this Court so that the Court may consider the substantial issue of who is responsible for the sanctions imposed and amend the orders appropriately.

Plaintiff shall promptly notify the Clerk of the Sixth Circuit of this Opinion and of the Court's conclusion herein that her Motion to Stay has raised a substantial issue under Rule 12.1 and that the Sixth Circuit has discretion to remand. Fed. R. Civ. P. 62.1(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE