IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIREILLE M. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00924 |
| ) | Judge Richardson/Frensley |
| THE VANDERBILT UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

## I. INTRODUCTION

In this employment action, Mireille Lee alleges that The Vanderbilt University ("Vanderbilt") unlawfully discriminated against her because of her gender and retaliated against her after she engaged in protected activity. Docket No. 259 (Second Amended Complaint). Vanderbilt has filed a Motion for Summary Judgment, which is pending. Docket No. 465. This matter is now before the Court upon Ms. Lee's "Motion for Sanctions Pursuant to Rule 37(b)(2)(C) and for a Finding of Civil Contempt." Docket No. 422. Ms. Lee has also filed a Supporting Memorandum and other supporting documents. Docket Nos. 423, 423-1, 423-2. Vanderbilt has filed a Response in Opposition and supporting documents. Docket Nos. 425, 425-1 through 425-10. Ms. Lee has filed a Reply and an additional supporting document. Docket Nos. 432, 432-1. For the reasons set forth below, Ms. Lee's Motion (Docket No. 422) is GRANTED IN PART. No later than October 1, 2025, Vanderbilt must produce the disputed

documents without redactions. Further, pursuant to Rule 37(d)(3), Vanderbilt must pay Ms. Lee's reasonable expenses, including attorney's fees, associated with bringing the instant Motion.

## II. BACKGROUND

As the Court has previously noted, this case has been "marked by conflict and procedural delays." Docket No. 418, p. 3. In the summer of 2024, the Court issued an Order directed to one of the Parties' many disputes, set forth in a Joint Discovery Dispute Statement. Docket Nos. 393, 418. That dispute involved Ms. Lee's document requests seeking 1) the promotion and tenure files of Paul Miller and Ben Tran, two male Vanderbilt employees described by Ms. Lee as "spousal hires" like herself, who, she alleges, were granted promotion and tenure by Vanderbilt; and 2) certain documents authored or signed by Dean Geer, described by Ms. Lee as "Vanderbilt's decisionmaker in 2019," the year that Ms. Lee was denied tenure and promotion. Docket No. 393, p. 1-4, 10. Vanderbilt argued that the documents sought were irrelevant, that the information in the tenure files was too sensitive to be produced, and that production would be unduly burdensome. *See* Docket No. 393.

The Court found that both categories of documents were relevant to the claims or defenses in this action, and that Vanderbilt had not established that production would be unduly burdensome. Docket No. 418, p. 12. Nevertheless, the Court "credited Vanderbilt's assertion that searching for the type of information described in the second category of Requests would be difficult indeed" given that Vanderbilt had represented that "many or all tenure files are stored in a format that does not allow keyboard searching through optical character recognition." *Id.* (citation modified). The Court therefore modified the second category of requests to be limited to only files from the Humanities Division of the School of Arts and Science and documents created between January 1, 2017, and January 1, 2022. *Id.* The Court held that "Vanderbilt must

search for documents responsive to the Requests described herein (as modified) and produce any nonprivileged documents that are within its possession, custody, or control no later than **August 16, 2024**." *Id.*

The Parties agree that Vanderbilt produced responsive documents on August 16, 2024, but Ms. Lee argues that the documents have been redacted in a manner that was not authorized by the Court and that compromises her ability to use them in this lawsuit.

### III. LAW AND ANALYSIS

**A. Compliance with Local Rules**

As an initial matter, Vanderbilt contends that Ms. Lee's Motion should be denied because "it flouts multiple local rules of this Court"; specifically, Local Rule 37.01 and Local Rule 7.01. Docket No. 425, p. 9.

Local Rule 37.01 provides:

> If the parties are not able to resolve the discovery dispute, they must, in connection with any request for a discovery conference or a discovery motion, file a joint discovery dispute statement: (1) detailing their attempt at resolution; (2) setting forth exactly what discovery is in dispute (either by including the text of the discovery requests and responses or by attachment as exhibits); and, (3) detailing the parties' respective positions. This joint statement must be filed before any request for a telephonic discovery conference with the Judge is made, and must be attached to any filed discovery motion.

L.R. 37.01(b).

Vanderbilt asserts that while the Parties initially participated in a meet-and-confer on September 13, 2024, Ms. Lee's counsel "did not seek a joint discovery dispute statement or communicate further with counsel for Vanderbilt whatsoever before filing Ms. Lee's Motion." Docket No. 425, p. 10 (citation modified). Vanderbilt argues that this omission "is particularly egregious in this instance because she admits she eschewed the Joint Discovery Dispute

3

Statement requirement intentionally in an effort to expedite the resolution of the underlying dispute." *Id.*, citing Docket No. 425-9. Ms. Lee responds that "contrary to Vanderbilt's contention, Ms. Lee is not required to refile a duplicate discovery dispute statement to remedy Vanderbilt's violation of this Court's order." Docket No. 432, p. 1 (citation modified).

Local Rule 7.01 sets forth the requirement that counsel meet and confer in an attempt to resolve disputes before filing most motions:

> In cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed. In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts.

LR 7.01(a)(1).

Vanderbilt contends that Ms. Lee violated this Rule because her counsel "did not confer with counsel for Vanderbilt before filing her Motion, nor does her Motion state that any such conference took place." Docket No. 425, p. 11 (citation modified). Ms. Lee argues that she "did confer with Vanderbilt and Vanderbilt filed notes of that conference with its Response in which it refused to comply with this court's order." Docket No. 432, p. 2 (citation modified).

First, although the topic of Ms. Lee's Motion is Vanderbilt's alleged lack of compliance with a discovery order, it is clearly a motion for sanctions and a finding of civil contempt, not a discovery motion; therefore, L.R. 37.01 is not applicable. *See* Docket No. 422. Second, there is no doubt that the Parties have discussed at length the discovery requests and responses underlying the Discovery Dispute Statement that resulted in the Court's prior Order, as well as the specific issue of the redactions. Indeed, Vanderbilt states in its Response that "on September 13, 2024, counsel for Ms. Lee and counsel for Vanderbilt held a meet-and-confer to attempt to

resolve the dispute over the redactions." Docket No. 425, p. 7 (citation modified). Finally, while Ms. Lee's Motion is not brought under one of the enumerated exceptions to L.R. 7.01, the Court is not aware of any instance (nor has Vanderbilt identified any) of a party being required to meet and confer with its opponent before bringing a motion for sanctions (or contempt) against that opponent. It is presumably understood that even after a thorough and comprehensive meet-and-confer process, the chance that a party will agree that it should be sanctioned or held in contempt is zero. The Court therefore finds that it was reasonable for Ms. Lee to file her Motion for sanctions and a finding of civil contempt without first attempting to resolve that particular issue with Vanderbilt, and will proceed to consider the Motion on its merits.

B. **Ms. Lee's Request for Sanctions**

Ms. Lee seeks "her reasonable expenses and attorney's fees caused by defendant Vanderbilt's failure to obey this Court's order." Docket No. 423, p. 2. Ms. Lee also requests that Vanderbilt beheld in contempt. *Id.* at 3.

1. **Attorneys' Fees and Other Sanctions Under the Federal Rules**

Rule 37 gives courts the authority to impose sanctions when parties fail to cooperate with a court order, including discovery orders and other orders under Rule 26(f), 35, or 37(a). Failure to obey a discovery order may lead to sanctions including an order:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

5

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

While the sanctions ordered "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) . . . the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

### 2. Vanderbilt's Compliance with the Court's Order

Ms. Lee contends that "the redactions seriously interfere with plaintiff Lee's analysis and evaluation of the documents which this court has ordered defendant Vanderbilt to produce." Docket No. 423, p. 2. Ms. Lee elaborates:

> There are other evaluative problems caused by the redactions. There are two distinct groups of research universities to which Vanderbilt compares itself. By redacting the name of the university providing an evaluation of a tenure candidate, Ms. Lee is deprived of the knowledge of which group the evaluator hails from. In addition, by redacting the name of the promotion and tenure candidate reviewed by Dean Geer, Ms. Lee is unable to ascertain whether the female denied promotion and tenure by Dean Geer is also a female spousal hire included in paragraph 15 of her Complaint. Ms. Lee believes that she is but Vanderbilt deprived Ms. Lee of the evidence to support that allegation.

*Id.* at 2-3 (citation modified).

6

Vanderbilt asserts that "in the requested portions of Professors Tran and Miller's tenure files, Vanderbilt redacted only information identifying the external reviewers," and "in the memos authored by Dean Geer, Vanderbilt redacted only the identities of the promotion and tenure candidates under consideration and information identifying their internal and external reviewers." Docket No. 425, p. 6 (citation modified). Vanderbilt maintains that Ms. Lee "fails to identify the nature of the redactions involved" and "fails to establish a basis for why she needs the redacted information." *Id.* at 11. Vanderbilt argues that Ms. Lee does not need the redacted information because "Vanderbilt's redaction of individuals' identities does not prevent Ms. Lee from ascertaining whether Dean Geer has evaluated other promotion and tenure candidates in a manner similar to the one he used to evaluate Ms. Lee," and "there is no basis for Ms. Lee's assumption that an external reviewer for a particular promotion or tenure candidate must come from an institution that belongs to any particular 'group' in order to provide a valid and important external review." *Id.* at 12 (citation modified).

Ms. Lee asserts that "nothing in this Court's order directing production (D.E. 418) authorized Vanderbilt to determine which information was relevant and which was allegedly irrelevant," and argues that "this Court should not require Ms. Lee to 'establish a basis for why she needs the redacted information.'" Docket No. 432, p. 2 (citation modified).

The Court agrees. The discovery dispute over these documents was addressed by the Court over a year ago, at which time, the Court considered and rejected Vanderbilt's arguments as to why the requested documents were not relevant. *See* Docket No. 418. While the Court identified some specific aspects of the documents that were relevant to certain of the Parties' claims and defenses, that did not and does not imply that those are the only relevant aspects and Vanderbilt was free to redact anything else that it decided did not need to be produced. One can

7

Case 3:20-cv-00924    Document 571    Filed 09/15/25    Page 7 of 10 PageID #: 9347

easily see the absurdity of this position by imagining a different scenario, in which the Court had specifically mentioned *only* the identities of the external and internal reviewers as being relevant to the Parties' claims and defenses, and thus Vanderbilt decided to redact every word that was not a reviewer's identity before producing the documents. The Court made clear that it was modifying some of the requests in order to reduce the burden on Vanderbilt; if the Court had thought it appropriate to make further modifications, such as permitting the redaction of certain information, it would have done so. Vanderbilt's unilateral action in redacting information from the documents amounts to a violation of the Court's Order to produce the documents, and no additional relevance analysis is necessary or appropriate.

### 3. Substantial Justification of Vanderbilt's Redactions

Vanderbilt contends that it "has good cause for the redactions, due to the sensitivity of the information and Ms. Lee's history of misusing similar confidential information, and the redactions are narrowly tailored." Docket No. 425, p. 13.

Vanderbilt argues that it is "substantially justified in redacting information on the identities of its external reviewers" because "there is ample reason to believe external reviewers would decline to provide evaluations—or would provide less candid evaluations—if they believed others in their field and the public would attribute their evaluations to them." *Id.* at 13-14 (citation modified). Vanderbilt reiterates that it does not believe the identities of the external reviewers is relevant. *Id.* Likewise, Vanderbilt maintains that "the identities of the Vanderbilt promotion and tenure candidates who are the subject of the Dean Geer memoranda, along with their external reviewers, are highly sensitive and not relevant." *Id.* at 16.

As discussed above, the Court has already considered and rejected Vanderbilt's contention that the documents sought are irrelevant. Docket No. 418, p. 6, 10. The Court is also

8

familiar with Vanderbilt's position that the information is "highly sensitive," yet the Court still ordered Vanderbilt to produce the documents. *Id.* at 4, 8 ("Vanderbilt's concern regarding the confidentiality and sensitivity of the tenure files can be addressed by producing them pursuant to the Parties' Protective Order"). There is nothing unclear about this instruction. Vanderbilt's assertion that its redactions are "narrowly tailored" misses the point: the Court has already considered Vanderbilt's arguments as to relevance and sensitivity of the information, found them unpersuasive, and ordered the documents produced without creating any carve-outs for information that Vanderbilt nevertheless wanted to withhold. The "tailoring" of the omissions is immaterial.

As to Vanderbilt's argument that it was substantially justified in redacting information that it considers sensitive from the documents because Ms. Lee "has previously harmed Vanderbilt by improperly using its information," the Court finds that even if Vanderbilt believed that Ms. Lee or her counsel was likely to engage in the type of conduct for which sanctions have already been imposed, the correct course would have been for Vanderbilt to request that the Court provide additional protections for the information or permit the redactions. The Court allowed 30 days for Vanderbilt to comply with its Order; in that time, Vanderbilt could have filed a motion seeking relief from the Order in any number of ways. Instead, Vanderbilt appears to have made a unilateral decision to withhold information that the Court ordered produced. Vanderbilt's disagreement with the Court's Order does not substantially justify its noncompliance.

## IV. CONCLUSION

For the foregoing reasons, Ms. Lee's Motion (Docket No. 422) is GRANTED IN PART. No later than October 1, 2025, Vanderbilt must produce the disputed documents without

9

redactions. Further, pursuant to Rule 37(d)(3), Vanderbilt must pay Ms. Lee's reasonable expenses, including attorney's fees, associated with bringing the instant Motion. At this time, the Court will reserve ruling on Ms. Lee's request that Vanderbilt be held in contempt.

**IT IS SO ORDERED.**

_____
**Jeffery S. Frensley**
**United States Magistrate Judge**