IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIREILLE M. LEE, | ) |
| | ) |
| Plaintiff, | ) No. 3:20-cv-00924 |
| | ) |
| v. | ) JUDGE RICHARDSON |
| | ) |
| THE VANDERBILT UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Pending before the Court is Defendant's motion to re-seal certain documents (Doc. No. 588, "Motion"). The Motion seeks to re-seal Docket Nos. 478, 480, 483, 486, 488, 490, 494, 504, 506, 508, and 510. As indicated in a subsequently filed notice, Plaintiff does not oppose the Motion (Doc. No. 590). For the following reasons, the Motion is DENIED.

In a prior order (Doc. No. 558, "Order"). This Court denied prior motions to seal these documents (Docket Nos. 477, 479, 481, 482, 485, 487, 489, 491, 493, 503, 505, 507, and 509)[1] without prejudice to filing procedurally proper motions to seal. The motions to seal were all deficient for various reasons, which the Court explained at length in its Order. The Order provided that "the parties must file these motions to seal in a procedurally appropriate manner if they wish to obtain the relief sought in these motions" and "[a]ny such new motion to seal must be filed by June 13, 2025; if such a motion is not filed by then (or, if filed, is thereafter denied), the document will be unsealed." (*Id.* at 7-8). Neither party filed any new motions to seal related to these documents on or before June 13, 2025.

---

[1] The motions at these docket numbers sought to seal the documents at issue here.

Plaintiff then filed a motion to maintain these documents under seal (Doc. No. 561). As the Court explained in its order denying Plaintiff's motion to maintain these documents under seal (Doc. No. 584), it was Defendant's obligation to provide justification for sealing the documents and to either file a redacted version of the documents or explain why redaction would be impracticable. (*Id.* at 2-3). And because that did not happen, the Court unsealed those documents. (*Id.* at 3). Defendant then filed the instant Motion to re-seal the documents at issue.

A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016). Notably, by itself, a document's designation as confidential under a protective order agreed to by the parties does not suffice to meet this burden. *See, e.g.*, *Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021). *Cf. Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents). From this, it easily follows that a party's mere assertion (even if made not merely via a confidentiality designation pursuant to a protective order) that a document is confidential does not suffice, either.

Even where a party provides its own analysis in a motion to seal, a district court that chooses to seal court records must set forth specific findings and conclusions that "justify nondisclosure to the public." *Brown*, 710 F.2d at 1176. This is true even if neither party objects to the motion. *Id.* Therefore, a court must explain the basis for sealing court records irrespective of whether anyone objects to it.

Docket No. 478

In its prior Order, the Court noted:

> The motion at Docket No. 477 is identical to the motion at Docket No. 479. The motion at Docket No. 477 requests that Docket No. 478 be sealed. The motion at Docket No. 479 requests that Docket No. 480 be sealed. Docket No. 478 is identical to Docket No. 480. Therefore Docket No. 477 is duplicative of Docket No. 479 and evidently was filed in error (and is also not supported by Defendant's Memorandum). The Court accordingly denies the motion at Docket No. 477 as moot.

(Doc. No. 558 at 3).

Defendant has not addressed in any way the fact that Docket No. 478 is duplicative of Docket No. 480. Furthermore, Docket No. 478 constitutes solely a redacted document. In the pending Motion, Defendant states in a footnote that "[t]he sealed versions of the documents contain redactions that were present in the versions of the documents originally produced." (Doc. No. 588 at 1 n.2). Although Defendant does not bother to explain to the Court the specific documents to which this footnote refers, the Court assumes they would include documents such as Docket No. 478. That is, Docket No. 478 appears to be a redacted version of a document, but Defendant is claiming that this is actually the original version of the document that Defendant wishes to seal. (*See* Docket No. 478). However, there are two alternative problems with Defendant's approach. First, if the currently filed version of Docket No. 478 is (despite having some redactions) not the redacted version of the document that Defendant seeks to seal, but instead is the version that Defendant seeks to seal, that still means that Defendant has not filed a redacted version of the document that Defendant seeks to seal (i.e., a version having additional redactions beyond the redactions contained in the version that Defendant seeks to seal), as required by Local Rule 5.03. Alternatively, if Docket No. 478 is the redacted version of the document that Defendant seeks to seal, then the document that Defendant seeks to seal has not been filed as obviously is required by Local Rule 5.03. Either way, Defendant has filed only one version of the document and no

statement of why filing a redacted version would impracticable. This approach plainly fails to conform to Local Rule 5.03. Accordingly, the Motion is deficient as to Docket No. 478.

Docket No. 480

In its prior Order, the Court noted that "[t]he motion at Docket No. 479 requests that Doc. No. 480 be sealed. Docket No. 480 constitutes solely a redacted version of a letter dated April 15, 2019. It is therefore deficient because the unredacted version was not provided as required by Local Rule 5.03." (Doc. No. 558 at 3). Again, the same issue discussed above applies to this document. Defendant states in a footnote that some of the documents it seeks to seal have redactions in the original document, but when only one version is filed of a document containing redactions, then (absent clear explanation by Defendant) the Court has no way to know whether it is the "unredacted" or "redacted" version of the document. Accordingly, the Motion is deficient as to Docket No. 480 just as it is deficient as to Docket No. 478.

Docket No. 483

In the Court's prior Order, it stated:

> The motion at Docket No. 482 requests that Docket No. 483 be sealed. Docket No. 483 contains a document that is completely unredacted. The filing party did not include a redacted version, and the motion at Docket No. 482 does not include an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03.

(Doc. No. 558 at 4). The Court is at a loss for why Defendant would request in the Motion that it be "permitted to file redacted versions" of documents (including Docket No. 483), (Doc. No. 588 at 4), when the Court denied its prior motion to seal based in part on a failure to file a redacted version of documents as to which sealing was sought (including Docket No. 483). *What Defendant needs to do, as the Court believes it has already made plain, is file redacted versions of the*

*documents it seeks to seal, <u>contemporaneously</u> with filing the motion to seal those documents (and those documents themselves).* The Motion is therefore deficient as to Docket No. 483.

Docket No. 486

In its prior Order, the Court stated, "The motion at Docket No. 485 requests that Docket No. 486 be sealed. Docket No. 486 constitutes solely redacted documents. It is therefore deficient because the unredacted version was not provided as required by Local Rule 5.03." (Doc. No. 558 at 4). In its pending Motion, Defendant states in a footnote that "[t]he sealed versions of the documents contain redactions that were present in the versions of the documents originally produced." (Doc. No. 588 at 1 n.2).

Again, it is unhelpful for Defendant to simply state that documents to be sealed contain redactions in the version to be sealed. Docket No. 486 is a redacted version of a document, but Defendant appears to be claiming that this is actually the original form of the document to be sealed; in a June 17, 2025 email to Plaintiff's counsel attached as an exhibit to the Motion, counsel for Defendant states with regard to Docket No. 486 that "no unredacted version was produced in discovery." (Doc. No. 589-2 at 1). (*See* Docket No. 486). However, there are two alternate problems with Defendant's approach. First, if the currently filed version of Docket No. 486 is not the redacted version of the document that Defendant wants to have sealed, as the Court previously assumed, but instead the unredacted version that Defendant seeks to seal, that still means that Defendant has not filed a redacted version (i.e., a version containing *additional* redactions) of the document that Defendant seeks to have sealed, as required by Local Rule 5.03 unless Defendant states why filing a redacted version would be impractical (which Defendant has not done here).

Alternatively, and on the other hand, the aforementioned email tends to suggest that Docket No. 486 is adequately redacted already, in which case there is no reason to seal Docket No. 486.

Perhaps Defendant in its briefing could have clarified all of this, but Defendant did not do so. The Motion is accordingly deficient as to Docket No. 486.

As to the remaining documents as to which Defendant requests sealing, the Court is perhaps partly to blame because it well might have fostered confusion in its prior Order by using (due to a scrivener's error for which the Court is responsible) the term "the unredacted version" when it meant "a redacted version." On the other hand, as to each of these documents, the prior Order nevertheless made clear what was wrong and what needed to be fixed, via the following sentence, which appeared three times in the order (each time in connection with a different docket number for a motion): "The filing party did not include a redacted version, and the motion at Docket No. ___ does not include an affirmative statement that filing a redacted version would be impracticable." (Doc. No. 558 at 4, 5 ,6). So even though the sentence immediately following that sentence facially suggested a failure to file "the unredacted document," (*id.* at 4, 5, 6), the issue clearly was a failure to file a redacted version of the document sought to be sealed (or a statement that filing a redacted version would be impracticable), as anyone who had read what came just before in the order (or Local Rule 5.03) should readily understand. The Court will look in turn at each of these documents.

Docket No. 488

In its prior Order, the Court stated:

> The motion at Docket No. 487 requests that Docket No. 488 be sealed. Docket No. 488 contains a document that is completely unredacted. The filing party did not include a redacted version, and the motion at Docket No. 487 does not include an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03.

(Doc. No. 558 at 4).

Defendant has not fixed this deficiency by filing a redacted version of Docket No. 488. Further, Defendant's counsel's aforementioned email makes the issue more confusing. As to Docket No. 488, counsel for Defendant tells counsel for Plaintiff that "no unredacted version was produced in discovery," (Doc. No. 589-2 at 1), even though Docket No. 488 is a completely unredacted document. Indeed, Defendant's counsel's email indicates that attached thereto is a "redacted" version of Docket No. 488 (Doc. No. 589-2 at 1). Yet, at least from what this Court can tell, that redacted version (or any other redacted version) was never filed in accordance with Local Rule 5.03. The Motion is therefore deficient as to Docket No. 488.

Docket No. 490

In its prior Order, the Court stated:

> The motion at Docket No. 489 requests that Docket No. 490 be sealed. Docket No. 490 contains a document that is completely unredacted. The filing party did not include a redacted version, and the motion at Docket No. 489 does not include an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03.

(Doc. No. 558 at 5). As before, from what the Court can ascertain, Defendant has failed to correct this deficiency. Therefore, the Motion is deficient as to Docket No. 490.

Docket No. 494

In its prior Order, the Court stated:

> The motion at Docket No. 493 requests that Docket No. 494 be sealed. Docket No. 494 contains a document that is completely unredacted. The filing party did not include a redacted version, and the motion at Docket No. 493 does not include an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03.

(Doc. No. 558 at 5-6). As before, from what the Court can ascertain, Defendant has failed to correct this deficiency. The Motion is deficient as to Docket No. 494.

Docket No. 504

> The motion at Docket No. 481 is identical to the motion at Docket No. 482. The motion at Docket No. 482 requests that Docket No. 483 be sealed. However, the motion at Docket No. 482 is identical to the motion at Docket No. 503. And the document filed at Docket No. 483 is identical to the document filed at Docket No. 504. Therefore, the Court finds that both motions at Docket No. 481 and Docket No. 503 are duplicative of the motion at Docket No. 482. The Court therefore considers Docket No. 481 and Docket No. 503 to be filed in error and accordingly denies them as moot.

(Doc. No. 558 at 4). In its briefing on the instant Motion, Defendant does not address the fact that Docket No. 504 is a duplicative document. Further, to the extent that Defendant's exhibit (the June 17, 2025 email) addresses Docket No. 504, it acknowledges that Docket No. 504 is "duplicative" of Docket No. 482 such that the motion to seal it (Doc. No. 503) should be withdrawn but nevertheless requests that the Court maintain Docket No. 504 "under seal." (Doc. No. 589-2 at 1).

As this Court discussed in its order regarding maintaining documents under seal (Doc. No. 584), "it is on Defendant to do what it takes to have those documents remain under seal." (*Id.* at 2). As Defendant has not filed a redacted version of Docket No. 504 in accordance with Local Rule 5.03 or addressed the fact that the request to seal Docket No. 504 is duplicative, the Court cannot grant the motion to seal Docket No. 504.

Docket No. 506

In its prior Order, the Court stated that

> The motion at Docket No. 505 requests that Docket No. 506 be sealed. Docket No. 506 contains a document that is completely unredacted. The filing party did not include a redacted version, and the motion at Docket No. 505 does not include an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03.

(Doc. No. 558 at 6). As before, from what the Court can ascertain, Defendant has failed to correct this deficiency. Therefore, the Motion is deficient as to Docket No. 506.

Docket No. 508

In its prior Order, the Court stated:

> The motion at Docket No. 507 requests that Docket No. 508 be sealed. Docket No. 508 contains a document that is completely unredacted. The filing party did not include a redacted version, and the motion at Docket No. 507 does not include an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03."

(Doc. No. 558 at 6).

Again, from what the Court can ascertain, Defendant has not filed a redacted version of the document or a statement as to the impracticability of filing such a document. Accordingly, the Motion is deficient as to Docket No. 508.

Docket No. 510

The document at Docket No. 510 is completely unredacted. Defendant did not include a redacted version, and Defendant's briefing has not included an affirmative statement that filing a redacted version would be impracticable. It is therefore deficient under Local Rule 5.03 because neither the unredacted version nor a statement of impracticability was provided as required by Local Rule 5.03.

In sum, Defendant's Motion regarding sealing these documents is deficient. Defendant requested that it "be permitted to file redacted versions of the [documents] on the public case docket." (Doc. No. 588 at 4). But as this Court explained in its prior Order, Local Rule 5.03 required Defendant to file the redacted versions of the documents (or state that such a filing would be impracticable) contemporaneously with filing the motion to seal. Additionally, it appears that Defendant may have assumed it was Plaintiff's responsibility to correct these mistakes. (Doc. No.

588 at 2) (i.e., "counsel for Vanderbilt contacted counsel for Plaintiff via email, outlining the procedure Plaintiff must follow to ensure the sensitive and confidential documents remain sealed."). But the Court previously explained at some length why it was Defendant's responsibility, not Plaintiff's, to ensure that the proper procedure was followed to seal these documents. (Doc. No. 584).

The Court is surprised by what is perceives as Defendant's clear failure to heed the Court's previous orders and to follow the proper procedures for sealing documents, which has been a central aspect of this litigation. On the other hand, in fairness to Defendant, perhaps the Court is missing something with respect to one or more of the documents sought to be sealed via the instant Motion. But if so, that would serve as a reminder that a party seeking relief from the Court (here, the sealing of particular documents) would be very well served to make it as easy as possible for the Court to grant the relief by being very clear about what it is asking for and by following all applicable rules meticulously. Otherwise, the Court might have to dump inordinate amounts of resources into assessing the request for relief and yet still deny it.

## CONCLUSION

Defendant's Motion (Doc. No. 588) is DENIED, without prejudice to Defendant's prerogative to try again.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE